## WILCOX v. HOGUE et al.

### No. 5478.

Court of Appeals of District of Columbia.

Argued Feb. 1, 1932.

Decided Feb. 29, 1932.

428

Robert H. McNeill, of Washington, D. C., and H. Woodward Winburn, of Greensboro, N. C., for appellant.

O. H. Graves and Victor H. Wallace, both of Washington, D. C., for appellees.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

By Act of April 11, 1928 (chapter 356, 45 Stat. 422), Congress provided for the sale of certain unappropriated public alluvial lands of the United States lying between Glasscock Island and fractional section 14, township 5 north, range 4 west, of the Washington meridian, in the state of Mississippi. Section 2 of the act gave a preference right to purchase to the owners of the tracts in section 14 to which the land had accreted. The land was surveyed and plats filed in the General Land Office at Washington, and on March 16, 1929, the commissioner gave notice that the land would be opened to purchase under the act for the period of 90 days from May 17, 1929, by the owners of the land in section 14 to which the accretion had occurred, and after August 15 to entry under the homestead laws by qualified ex-service men of the World War until November 13, 1929; after that to the general public.

On May 24, 1929, one W. B. Hogue, who was the owner of land in section 14, made application under the act to purchase the portions of the accreted land which had been surveyed as lots 1 to 9, S. W. ¼, N. E. ¼, N. W. ¼, S. E. ¼, of Sec. 14, and as Sec. 20, in township 5 north, range 4 east, of the Washington meridian. The description of the land as "Range 4 East" was an error, and misdescribed the property applied for. The only land that Hogue had a right to apply for under the act of April 11, 1928, and that which he intended to apply for, was range 4 west. When the error was discovered, Hogue applied to the Land Office for leave to correct the description, and on October 17, 1929, and before any other application had been made by any one, the General Land Office allowed him 30 days within which to amend his application, and, pursuant to this, Hogue filed an amended and correct application within time.

However, on October 28, and after the order allowing the amendment was made but before the amended application was filed, appellant, an ex-service man, filed his application covering part of the same land. The General Land Office and the Secretary of the Interior having decided that Hogue's application was entitled to priority, appellant applied to the Supreme Court of the District of Columbia for a mandamus directed to the Secretary and the commissioner requiring them to permit him to make homestead entry for the land in controversy and to revoke action in favor of Hogue. The petition was denied by the court below, and an appeal taken to this court. We think the application was properly denied.

The act of Congress gave the owners of the sections to which the land in question had accreted a preference right to purchase the accreted land. The act made no provision for the disposition of the land under the homestead or the other general land laws of the United States, nor did it contain any provision in favor of the honorably discharged ex-service men of the World War. Hogue was the owner of the land in fractional section 14 to which the land involved had accreted. He made timely application to purchase certain portions of the new land by virtue of his ownership of the old. His application, however, was not in form because of a misdescription which was obviously an error. The department, as it was authorized to do by Revised Statutes 2372, as amended (Act of February 24, 1909, 35 Stat. 645, 43 USCA § 697), permitted Hogue to file an amendment within 30 days from the date of such permission. At that time no other application had been made for the land. The effect of the order allowing Hogue to amend within 30 days was to suspend the right of any other person to file for the land for that period. It operated as a stay for the time being, and the filing of the amended application within the time related back to the filing of the original application and brought that application in all respects as to form and time within the provisions of the act.

Affirmed.